UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANTHONY D. THOMPSON,

                Plaintiff,

v.                              Action No. 3:07–CV–793

KELLOGG, BROWN & ROOT (KBR)
HALLIBURTON,

                Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Kellogg Brown & Root/Halliburton's ("KBR") Motion to Strike Plaintiff's Motion to Vacate Arbitration Award (Docket No. 31). This Court lacks jurisdiction to hear Thompson's Motion to Vacate and therefore GRANTS KBR's Motion to Strike.

I. STATEMENT OF THE CASE

Thompson, proceeding *pro se*, seeks vacatur of an adverse arbitration decision, and KBR disputes the manner in which Thompson challenges the decision. On December 28, 2007, Thompson sued Kellogg Brown & Root (KBR)/Halliburton ("KBR"), alleging KBR terminated him because of his race and in retaliation for his decision to file a Title VII claim with the EEOC. On February 22, 2008, KBR moved to dismiss Thompson's case in favor of arbitration, pursuant to the Federal Arbitration Act ("FAA"). This Court granted the motion and compelled the parties to arbitrate the dispute on May 9, 2008. The Court styled the Order as a final order.

1

(*See* Final Order Granting Defendant's Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket No. 29.) In it the Court advised Thompson of his right to appeal the ruling.

The parties met before the arbitrator and presented evidence throughout seven hearings between October and December 2009. On April 5, 2010, he denied Thompson's claim, ruling that Thompson did not establish by a preponderance of the evidence discrimination, retaliation, or harassment.

On July 2, 2010, Thompson, proceeding *pro se*, moved for this Court to vacate the arbitration award. KBR moves to strike the Motion on the grounds that the FAA requires Thompson to file a new action before a court may vacate the arbitrator's decision, and, therefore, the Court lacks subject matter jurisdiction to hear Thompson's Motion.

II. ANALYSIS

Section 10 of the Federal Arbitration Act ("FAA") permits a district court, "upon the application of any party to the arbitration," to vacate an arbitrator's award. 9 U.S.C. § 10 (2002). KBR argues Section 10 requires Thompson to file a new action in order to challenge the arbitrator's decision, since this Court dismissed Thompson's action when it compelled arbitration.

KBR is correct. The Supreme Court has stated that the FAA "permit[s] parties to arbitration agreements to bring a separate proceeding in a district court to enter judgment on an arbitration award once it is made (or to vacate or modify it)[.]" *Green Tree Fin. Services Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000). Another district court recently applied that rule in *Switzer v. Credit Acceptance Corp.*, 2009 WL 2900254 slip op. at *1 (W.D.Va. September 2,

2

2009). There, the court was asked to vacate the disposition of an arbitration proceeding it had earlier ordered by "dismiss[ing] the matter from the docket of the court." 2009 WL 2900254 slip op. at *1. The court concluded it lacked jurisdiction to reopen the case, instead inviting "the parties, at their option, [to] reinstitute a separate civil suit to determine the validity of the arbitrator's award." *Id.*

*Switzer*'s logic applies to this case. This Court dismissed Thompson's case pursuant to a final order and commanded the parties to arbitrate the dispute. *Green Tree* plainly states the rule governing this situation, requiring Thompson to begin a new action in order to seek vacatur of the arbitrator's decision.

Thompson cites several cases in support of his contention that this Court may reopen the dismissed case and hear his motion to vacate. None of them persuade the Court. Thompson cites two cases supporting his position decided before *Green Tree*. *See Green v. Ameritech Corp.*, 200 F.3d 967 (6th Cir. 2000); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698 (2d Cir. 1985). The Court understands *Green Tree* to have abrogated those cases. Thompson cites another case in which a district court did not appear to consider the effect of *Green Tree*. *Collins v. D.R. Horton, Inc.*, 361 F.Supp.2d 1085, 1091 (D.Ariz. 2005). This Court simply disagrees with *Collins* and other courts holding that a district court may entertain a motion to vacate an arbitration award after the court has dismissed the underlying case. *See Owen-Williams v. BB&T Inv. Services, Inc.*, 2010 WL 20452023 at *2 (D.D.C. May 24, 2010).

This Court dismissed Thompson's case with a final order, such that he may not revive the case by motion. He is free to bring a separate proceeding challenging the arbitrator's decision.

Because this Court lacks jurisdiction to hear Thompson's motion to vacate, the Court GRANTS KBR's Motion to Strike.

An appropriate Order shall issue.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this  13th  day of October 2010.